IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOHNNY FRANK JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 324-079 |
| ) | |
| TIMOTHY WARD, Former GDC ) | |
| Comm.; SHARON LEWIS, Former ) | |
| GDC Medical Dir.; ANTOINE ) | |
| CALDWELL, Warden, GDCP, GDC; DR. ) | |
| AYDEN, Medical at Johnson St. Prison; and ) | |
| JANE DOES, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On May 13, 2024, Plaintiff commenced the above-captioned case *pro se* in the Middle District of Georgia and submitted a Prisoner Trust Fund Account Statement to the court. (Doc. nos. 1, 3.) Liberally construing the Prisoner Trust Fund Account Statement as a motion to proceed *in forma pauperis* ("IFP"), United States Magistrate Judge Charles H. Weigle denied Plaintiff IFP status and instructed him to pay the filing fee or submit another IFP motion if his financial circumstances had changed. (Doc. no. 4.) Plaintiff was an inmate at Johnson State Prison when he filed his complaint but has since been released from confinement. (Id. at 1; doc. no. 5.) Due to his release from incarceration, Plaintiff requested an extension of time to pay the filing fee, (doc. no. 6), which the Judge Weigle granted, reminding Plaintiff he may also submit another IFP motion if his financial circumstances had changed, (doc. no. 8). On August 5, 2024, Plaintiff submitted a second IFP motion. (Doc. no. 9.)

On November 1, 2024, this case was transferred to this Court. (Doc. nos. 12, 13, 14.) Because Plaintiff's second IFP motion contained outdated and incomplete information, on November 7, 2024, the Court ordered Plaintiff to submit a new IFP motion or pay the $405 filing fee. (Doc. no. 16.) The Court warned Plaintiff failure to comply with this Order could result in the recommendation that Plaintiff's case be dismissed. (Id. at 3.) After Plaintiff's deadline to comply with the Court's November 7th Order expired, the Court re-served all filings mailed to Plaintiff following transfer of his case from the Middle District of Georgia because there was a discrepancy between the address contained on Plaintiff's filings and the address listed on the docket. (Doc. no. 20.) In light of the issues with Plaintiff's address, and out of an abundance of caution, the Court extended Plaintiff's deadline to submit a new IFP motion in accordance with the Court's November 7th Order. (See id.)

The extended deadline to submit a new IFP motion has passed, and Plaintiff has not submitted a new IFP motion as required by the Court's Order. (Doc. no. 16.) Nor has he paid the $405.00 filing fee or provided the Court with any explanation regarding why he has failed to timely re-submit an IFP motion.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of

2

prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to submit an updated IFP motion, or even to provide the Court with an explanation for his failure to comply with the Court's November 7th Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Federal and Local Rules. Plaintiff was warned that failure to comply with the Order could result in dismissal of his case. (Doc. no. 16, p. 3.) Because Plaintiff requested permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction. Thus, dismissing this case without prejudice is appropriate.

In sum, the time to respond has passed, and Plaintiff has not submitted an updated IFP motion as required by the Court's November 7th Order. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA